# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MICHAEL J. FORD,**

    Plaintiff,

v.                                                              Case No. 17-CV-32

**CO RICE and CO WRIGHT,**

    Defendants.

---

## DECISION AND ORDER SCREENING PLAINTIFF'S COMPLAINT

---

Plaintiff, a Wisconsin state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. §1983. This matter is before me on plaintiff's motion to proceed without prepayment of the filing fee (Docket # 2) and for screening of his complaint (Docket # 1).

### PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF FILING FEE

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On January 11, 2017, I ordered plaintiff to pay an initial partial filing fee of $3.14. Plaintiff paid that fee on January 23, 2017. As such, I will grant plaintiff's motion to proceed without prepayment of the full filing fee; he must pay the remainder of the filing fee over time as set forth at the end of this order.

## SCREENING OF PLAINTIFF'S COMPLAINT

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges that on September 22, 2016, he received a memorandum informing him that he was being placed on a "Keep on Person" (KOP) medication restriction as a safety precaution because he had overdosed on his medication earlier that month. The next

day, defendant CO Wright distributed medication to plaintiff even though he knew plaintiff was prohibited from possessing the medication because of his previous overdose.

On October 8, 2016, plaintiff began to feel suicidal. He contacted the sergeant station via his emergency call button and informed the sergeant (who is not named as a defendant) that he was going to take the pills he had been given by staff. Defendant CO Rice approached plaintiff's cell, and, through the cell window, plaintiff showed Rice the twenty pills Wright had given him. According to plaintiff, Rice asked "What are you doing?" and then stood and watched as plaintiff ingested all of the pills.

Plaintiff was rushed to the hospital where he received treatment. Plaintiff alleges that the medication ate through the lining of his stomach and that, as a result, he has to be on long-term medication.

## ANALYSIS

To state an Eighth Amendment claim based on deficient medical care, a plaintiff must demonstrate two elements: 1) an objectively serious medical or mental health condition; and 2) an official's deliberate indifference to that condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006)). Plaintiff alleges that defendant Wright demonstrated deliberate indifference when he provided him with medication despite knowing that plaintiff had recently overdosed and was prohibited from possessing medication. Plaintiff also alleges that Rice demonstrated deliberate indifference when he failed to intervene to stop plaintiff from ingesting twenty pills. I find that these allegations are sufficient for plaintiff to proceed on deliberate indifference claims against these defendants.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**IT IS ALSO ORDERED** that the warden of the institution where plaintiff is confined, or his designee, shall collect from plaintiff's prisoner trust account the $346.86 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). Payments shall be clearly identified by case name and number.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on CO Rice and CO Wright.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants CO Rice and CO Wright shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS ALSO ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional

Institution, and Wisconsin Secure Program Facility and, therefore, if plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 2nd day of February, 2017.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge